UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-215-JBC

MELVIN L. DAVIS,                                                                                    PLAINTIFF,

V.                         **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                              DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Melvin Davis, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner.  The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion for summary judgment (DE 11) and grant the Commissioner's motion for summary judgment (DE 12).

I.      Background

The plaintiff alleges that he became disabled on January 8, 2004, due to a deteriorating back condition, depression, and anxiety.  A formal hearing on the plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits was held before an administrative law judge ("ALJ") on December 22, 2005 in Frankfort, Kentucky.  The ALJ denied the plaintiff's application, a decision which was upheld by the Appeals Council, and the plaintiff then filed this application for judicial review.

Judicial review of the ALJ's decision is limited to determining whether the

ALJ's findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *Id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even if the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

In determining disability, the ALJ conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform his past relevant work, whether significant numbers of other jobs exist in the national economy which he can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**II.     The ALJ's Determination**

At Step 1, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset of disability. (R. at 21.) At Step 2, the ALJ found that the plaintiff's impairments should be considered "severe" based on the standards set forth in 20 C.F.R. §§ 404.1520(c) and 416.920(c), but at Step 3, the ALJ found that the plaintiff's impairments "do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4." *Id.* At Step 4, the ALJ found that the plaintiff's nonexertional limitations prevent him from performing his past relevant work as a pallet inspector, and the ALJ further found that the plaintiff has no transferable skills from this past relevant work. *Id.* at 19-20. At Step 5, the ALJ found that the plaintiff "is capable of performing a significant range of medium work as defined in 20 CFR §§ 404.1567 and 416.967." *Id.* at 20. More specifically, based on the testimony of a vocational expert, the ALJ found that the plaintiff could work at as a housekeeper or an assembler/inspector. *Id*. Therefore, the ALJ concluded that the plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." *Id.* at 21. The ALJ also found that the plaintiff's allegations "are not totally credible based on the objective evidence." *Id.* at 19, 21.

**III.    Analysis**

The plaintiff argues that the ALJ's decision was not supported by substantial evidence because the ALJ failed to "properly consider Mr. Davis' constant, severe

pain, and his combination of exertional and non-exertional impairments." (DE 11 at 5.) The plaintiff also argues that the ALJ's decision was not supported by substantial evidence because the ALJ failed to consider the combined effect of the plaintiff's exertional and non-exertional impairments. The plaintiff also suggests that the ALJ committed reversible error by failing to give reasons for his negative assessment of the plaintiff's credibility. Finally, the plaintiff suggests that the ALJ committed reversible error by misusing the testimony of a vocational expert.

### A.    The Additional Evidence of the Plaintiff's Disabling Pain

The plaintiff cites *Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994), for the proposition that allegations of disabling pain cannot be rejected "based upon medical evidence alone"; rather, according to the plaintiff, an ALJ "must consider all relevant evidence" including evidence about the claimant's daily activities, testimony about the extent and intensity of the pain, and evidence about treatment, medication, or other measures taken to relieve the pain. (DE 11 at 5.) Based on this interpretation of *Felisky*, the plaintiff claims that the ALJ's opinion was not supported by substantial evidence because the ALJ failed to consider such relevant other evidence.

This claim is incorrect. For example, the ALJ noted that "[t]he claimant was advised physical therapy and injections, but he declined[,]" that "[t]he claimant admits that he is not taking any prescription or over-the-counter medication[,]" and that the evidence suggested that the claimant's daily activities included "assisting

his mother." *E.g.*, R. at 18-19. Because the ALJ's opinion was based both on the objective medical evidence in the record and the additional factors listed in *Felisky*, 35 F.3d at 1039-40, and in 20 C.F.R. § 404.1529(c)(2), the court finds that it was supported by substantial evidence.

### B. The Combination of Exertional and Non-Exertional Impairments

The plaintiff cites *Blankenship v. Bowen*, 874 F.2d 1116 (6th Cir. 1989), for the propositions that an ALJ "must consider the combined effect" of the exertional and nonexertional impairments alleged by a plaintiff, and that "it is not sufficient for the ALJ to merely say that the combined effect was considered, for a subjective symptom analysis is required." (DE 11 at 6.) Based on this interpretation of *Blankenship*, the plaintiff claims that the ALJ's opinion was not supported by substantial evidence because he failed to consider the combined effect of the plaintiff's alleged exertional and nonexertional impairments. Even now, however, the plaintiff does not specify exactly how his alleged impairments have combined; instead, he asserts, in a vague and conclusory fashion, that "[t]here is substantial evidence to demonstrate that Mr. Davis suffers from a severe impairment *or* combination of impairments . . .; therefore, a finding of disability is warranted." (DE 11 at 7 (emphasis added).)

"The Social Security Act requires the Secretary to consider the combined effects of impairments that individually may be nonsevere, but which in combination may constitute a medically severe impairment or otherwise evince a

claimant's disability." *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988) (citing 42 U.S.C. § 423(d)(2)(C)). The ALJ in this case specifically found "[t]he medical evidence indicates that the claimant has . . . impairments that are 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal, either *singly or in combination*, one of the" listed impairments. (R. at 18 (emphasis added).) This analysis is virtually identical to the analysis upheld in *Foster* as a "proper[] appli[cation] of the applicable law regarding consideration of a claimant's impairments in combination," and therefore, this court, echoing *Foster*, finds that the plaintiff's claim that the ALJ failed to evaluate his "impairments in combination is without merit." 853 F.2d at 490.

    **C.    The Plaintiff's Credibility**

The plaintiff also suggests that "an ALJ must give reasons for crediting or rejecting a claimant's testimony[,]" *see* DE 11 at 7, and then suggests that the ALJ committed reversible error because the ALJ failed to give reasons for the finding that "[t]he claimant is not entirely credible[,]" *see* R. at 19. The plaintiff's descriptive claim about the ALJ's opinion is incorrect: after a thorough survey of the plaintiff's daily routine, medical record, and treatment history, the ALJ explained, at length, the reasons for his negative credibility assessment:

> The severity of the symptoms and limitations are not as alleged and are not supported by the objective medical evidence. He [the plaintiff] has no more than mild restrictions in activities of daily living and social functioning. He has no more than moderate limitations in maintaining concentration, persistence or pace. He has not had repeated episodes of decompensation. There is no evidence of 'C' criteria.

(R. at 19.) The ALJ's findings on the credibility of an applicant are accorded great weight and deference, particularly because the ALJ has the duty and ability to observe a witness's demeanor and credibility. *E.g.*, *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004). Because the ALJ's credibility findings were supported by specific references to the claimant's testimony, daily routine, and medical and treatment history, the ALJ's credibility finding was not reversible error.

### D. The Testimony of the Vocational Expert

At the hearing, the ALJ posed a hypothetical question to the vocational expert based on assumptions about the plaintiff's residual functional capacity drawn from the opinions of non-examining state agency physicians and psychologists. *See* R. at 212-213 (asking the vocational expert to "assume for a first hypothetical that he [the plaintiff] is as limited as non-examining state agency physicians and psychologists have indicated in the file"). More specifically, the ALJ asked the vocational expert to assume that the plaintiff "could lift about 50 pounds occasionally and 10 pounds frequently; that this person can stoop occasionally" but "couldn't do it frequently." *Id.* at 213. The plaintiff claims that the limitations provided by the consulting state physicians and outlined in this first hypothetical are not accurate, and therefore, again citing *Felisky*, the plaintiff argues that the ALJ's use of the vocational expert's subsequent testimony constituted reversible

error.[1]  *See* DE 11 at 7-8.

For the testimony of a vocational expert to "prov[e] the existence of a substantial number of jobs that [a] plaintiff can perform, other than [his] past work, the testimony must be given in response to a hypothetical question that accurately describes the plaintiff" in all relevant and significant respects. *Felisky*, 35 F.3d at 1036.  The plaintiff has not provided any specific reasons why the ALJ's hypothetical question "did not adequately describe Mr. Davis's physical and mental limitations."  (DE 11 at 7.)  In contrast to this general assertion, the ALJ's hypothetical is supported by the evidence of record, including the opinions of the consulting state physicians and psychologists.  For example, as the ALJ noted, the plaintiff sought treatment from only one physician on only one occasion, who found that the plaintiff was "neurologically intact" and had only mild degenerative changes in his back, with "no herniation, nerve root compression . . . [or] surgical indication."  (R. at 18.)  The ALJ also noted that "[t]here is no evidence of any psychiatric treatment or hospitalization[,]" but that the consultative psychologist

---

[1] In addition, the plaintiff suggests that the ALJ's use of the vocational expert's response constituted reversible error because the vocational expert testified that such a claimant would be limited to light work rather than medium work under the Guidelines, *see* R. at 213, but the ALJ's opinion held that plaintiff was capable of performing "a significant range of medium work" under the Guidelines, *see* R. at 20.

Although the ALJ used the phrase "medium range of work" and the vocational expert used the phrase "light range of work," both the ALJ and the vocational expert specified that the claimant could work as a housekeeper or an assembler/inspector. *Compare* R. at 20, *with* R. at 213. Accordingly, any error in the ALJ's use of the phrase "medium range of work" was harmless and technical.

found that the plaintiff "had adequate capacity to understand and perform simple instructions, and to sustain attention and concentration." *Id.* at 19.  Therefore, the court finds that the ALJ's hypothetical, the vocational expert's response, and the ALJ's ultimate opinion were supported by and consistent with substantial evidence in the record.  Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 12) is **GRANTED.**


Signed on September 20, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

9